People v Fuller (2019 NY Slip Op 08738)





People v Fuller


2019 NY Slip Op 08738


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

110240B

[*1]The People of the State of New York, Respondent,
v
Joshua B. Fuller, Appellant.

Calendar Date: November 8, 2019

Before: Garry, P.J., Clark, Devine and Pritzker, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
Stephen K. Cornwell, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.

Stephen K. Cornwell, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered March 30, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
In July 2017, defendant pleaded guilty to grand larceny in the third degree and was sentenced to five years of probation. Thereafter, defendant was charged with, and ultimately admitted to, violating various conditions of his probation. County Court then revoked defendant's probation and imposed a sentence of 2 to 7 years in prison. Upon the initial appeal of this matter, we rejected counsel's Anders brief, withheld decision and assigned new counsel to address at least one issue of arguable merit pertaining to the harshness of the sentence imposed (171 AD3d 1258 [2019]).
We are unpersuaded by defendant's contention that the resentence following the revocation of probation is harsh and excessive. We note that defendant agreed to admit to violating the terms of his probation in exchange for the sentence imposed. The record reflects that defendant exhibited complete contempt for all of the conditions of probation — admitting that he failed to notify probation about police contact in connection with a domestic violence incident, failed to attend and was unsuccessfully discharged from a recommended counseling and treatment program, tested positive for drugs and failed to make restitution payments. In imposing the resentence, County Court noted that the crime involved defendant stealing a significant sum of money from an elderly victim. Although the resentence was nearly the maximum statutorily permissible prison term for a class D felony offense (see Penal Law §§ 70.00 [2] [d]; [3] [b]; 155.35 [1]) and defendant has a limited criminal history, there are no extraordinary circumstances or abuse of discretion warranting a reduction of the resentence in the interest of justice (see People v Kranenburg, 134 AD3d 1348, 1348 [2015], lv denied 26 NY3d 1146 [2016]; People v Beach, 53 AD3d 985, 985 [2008]).
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.